UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISIAH SIMPSON JR.,

                Petitioner,           Case No. 2:21-cv-12703
                                                    Hon. Paul D. Borman

v.

MIKE BROWN,

                Respondent.
_____/

**OPINION AND ORDER**
**(1) GRANTING RESPONDENT'S MOTION TO DISMISS (ECF No. 11),**
**(2) DENYING CERTIFICATE OF APPEALABILITY,**
**(3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS, AND**
**(4) DENYING SIMPSON'S PENDING MOTIONS (ECF Nos. 7 and 8) AS MOOT**

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Isiah Simpson Jr. was convicted after a jury trial in the Washtenaw Circuit Court of three counts of first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b. The trial court sentenced Simpson to three concurrent terms of 40 to 60 years' imprisonment. The petition claims that the trial court erred in failing to order a competency examination prior to trial.

Before the Court is Respondent's motion to dismiss, asserting that Simpson's habeas petition was untimely filed under 28 U.S.C. § 2244(d).

## I.

Simpson was convicted and sentenced twenty-four years ago in May of 1998. He filed a direct appeal in the Michigan Court of Appeals, raising several claims, but none of them concerned his competency to stand trial. On July 21, 2000, the Michigan Court of Appeals affirmed. *People v. Simpson*, No. 214051, 2000 WL 33416887 (Mich. Ct. App. July 21, 2000). Simpson filed an application for leave to appeal in the Michigan Supreme Court that raised the same claims. On January 30, 2001, the Michigan Supreme Court denied leave to appeal. *People v. Simpson*, 463 Mich. 962 (2001).

On September 26, 2005, Simpson filed a motion for relief from judgment in the trial court. The motion raised several claims, but it did not include Simpson's competency claim. The trial court denied the motion on October 7, 2005. Simpson appealed, but the Michigan Court of Appeals dismissed the appeal on November 30, 2006, as untimely filed. (ECF No. 12-3). Simpson did not attempt to appeal this order to the Michigan Supreme Court.

Over twelve years later, in April and August of 2019, Simpson filed second and third motions for relief from judgment in the trial court. These motions for the first time asserted that Simpson had been denied a competency hearing and that his trial and appellate counsel were ineffective for failing to raise the issue. The trial

2

court denied the motions by orders dated May 14, 2019, and October 10, 2019. (ECF No. 12-4.)

Simpson filed a delayed application for leave to appeal in the Michigan Court of Appeals. On February 27, 2020, the Michigan Court of Appeals dismissed Simpson's appeal. (ECF No. 12-4.) Simpson appealed again, but on December 22, 2020, the Michigan Supreme Court likewise denied Simpson's application for leave to appeal. *People v. Simpson*, 506 Mich. 1024 (2020).

Simpson filed two more motions for relief from judgment in the trial court in 2021 that were dismissed by the trial court. He appealed neither one in the state appellate courts. (ECF No. 1, PageID.10.)

Simpson signed and mailed for filing the instant federal habeas petition on November 9, 2021.

## II.

Though Respondent styles the motion as a motion to dismiss, it is properly construed as one for summary judgment because the motion and the record before the Court includes documents outside of the pleadings. *See Anderson v. Place*, No. 16-cv-12675, 2017 WL 1549763, at *6 (E.D. Mich. May 1, 2017). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court will construe all facts in a light most favorable to the non-moving

party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986). This standard of review may be applied to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

### III.

There is a one-year statute of limitation for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the most common starting point, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Here, Simpson's conviction became final for purposes of the statute of limitations on or about April 30, 2001, ninety days after the Michigan Supreme Court denied leave to appeal during his appeal of right, when the time to file a petition for certiorari in the U.S. Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012). The statute of limitations expired one year later, on or about May 1, 2002.

4

Simpson filed five motions for relief from judgment in the trial court between 2005 and 2021. The limitations period is tolled "during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 562 U.S. 545, 550–51 (2011) (quoting 28 U.S.C. § 2244(d)(2)). But none of Simpson's post-conviction motions tolled the statute of limitations in Simpson's case because the period had already been expired for more than three years when he filed his first motion. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (stating that a properly filed post-conviction motion tolls the limitations period, but it does not "restart" a limitations period that has already run).

The three other potential starting points for the statute of limitations do not apply. Under § 2244(d)(1)(B), the limitations period begins on the date unconstitutional state action preventing a prisoner from filing a federal habeas petition is removed. There is no suggestion in the pleadings or record of any such impediment, so that section does not apply. Under § 2244(d)(1)(C), the period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court … and made retroactively applicable to cases on collateral review." Simpson's claims are not based on any new Supreme Court case. Finally, under § 2244(d)(1)(D), the period commences when the factual predicate to a petitioner's claim could have been discovered with due diligence. Simpson does not

5

suggest that he was unaware of the factual basis for his competency claim, so this section does not provide a later starting point either.

Accordingly, when Simpson submitted his federal habeas petition, the limitations period had already been expired for approximately twenty years.

Simpson does not contest this calculation in his reply brief. (ECF No. 13.) Instead, Simpson asserts that he is entitled to consideration of his petition because his learning disability excuses his untimely filing. Federal courts may equitably toll the limitations period where exceptional circumstances are present. *Holland v. Florida*, 560 U.S. 631, 651–52 (2010). A petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. *Id.* To be entitled to equitable tolling on these grounds, a habeas petitioner must demonstrate a causal link between the mental condition and his untimely filing. *See Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010); *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually

6

prevents the sufferer from pursuing his [or her] legal rights during the limitations period.").

Simpson has not met this standard. While he claims to have a learning disability and to have been incompetent to stand trial, he has not shown that his mental condition prevented him from filing a federal habeas petition. In support of his claim, Simpson asserts only that he graduated from high school through his school's special education program. He attaches a copy of his high school transcript purporting to show that he barely graduated with a 1.41 GPA. (ECF No. 12-4, PaeID.515.) Simpson does not proffer any further evidence to support his claim. Merely stating that his mental faculties impaired his educational success during high school does not establish that Simpson is (or was) mentally incompetent to the point that it impaired his ability to pursue legal proceedings on his own behalf, or with assistance, throughout the twenty-year period before he filed his habeas petition.

Indeed, as discussed above, Simpson's claim of mental incompetence is belied by the fact that he was able to file no less than five state petitions for post-conviction review in the trial court, along with several appeals from their denials in the state appellate courts. Simpson's filing of these other proceedings is relevant to whether there is a causal connection between his claimed condition and his ability to file a timely habeas petition. *See Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005) (rejecting claim of equitable tolling where petitioner, although experiencing

7

"continuing mental health problems," continued to litigate in the state court); *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) ("The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity."); *Jenkins v. Burgess*, No. 1:21-cv-01073, ECF No. 14, PageID.365-366 (W.D. Mich. March 7, 2022) (rejecting Jenkins' similar equitable tolling argument and dismissing habeas petition as untimely). The Court finds that because Simpson was able to pursue post-conviction relief numerous times in the state courts, either on his own behalf or with the assistance of others, he fails to show that his alleged incompetency prevented him from timely filing his federal petition.

Accordingly, because the habeas petition was filed after the expiration of the statute of limitations, and Simpson fails to demonstrate entitlement to equitable tolling, the motion to dismiss will be granted.

### IV.

Simpson also filed a motion for appointment of counsel and for release on bond. Because the petition will be denied for failure to comply with the statute of limitations, these motions are denied as moot.

V.

After a federal Court denies a habeas petition it must determine whether the habeas petitioner is entitled to a certificate of appealability. Here, jurists of reason would not debate the Court's conclusion that the petition is subject to dismissal under the statute of limitations. Simpson is therefore not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

The Court also finds that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Therefore, permission to appeal in forma pauperis will likewise be denied.

VI.

For these reasons, the Court 1) **DISMISSES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, 3) **DENIES** permission to appeal in forma pauperis, and 4) **DENIES** Simpson's motion for appointment of counsel and motion for bond.

**SO ORDERED.**

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: May 20, 2022